**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**LAURIE A. TODD,**

                              **Debtor-Appellant,**

vs.

**ENDURANCE AMERICAN INSURANCE COMPANY,**

                              **Appellee.**

**1:18-CV-00420
(MAD)**

_____

**APPEARANCES:**

**NOLAN & HELLER, LLP**
39 North Pearl Street, 3rd Floor
Albany, New York 12207
Attorneys for Debtor-Appellant

**MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP**
225 Liberty Street, 36th Floor
New York, New York 10281
Attorneys for Appellee

**OF COUNSEL:**

**FRANCIS J. BRENNAN, ESQ.**

**KEVIN S. BROTSPIES, ESQ.**

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Laurie A. Todd, the Debtor, proceeding under chapter 7 of the United States Bankruptcy Code, appeals from the judgment of the bankruptcy court, entered on March 23, 2018, disallowing the Debtor's exemption of her inherited individual retirement account ("IRA"). The Debtor timely filed a notice of appeal with the bankruptcy court on April 4, 2018. The Court has jurisdiction to consider this appeal, pursuant to 28 U.S.C. § 158(a)(1), as an appeal from a final judgment, order, or decree entered by the United States Bankruptcy Court in this district.

The issue on appeal is whether the Debtor's inherited IRA is exempt pursuant to New York C.P.L.R. § 5205(c)(1), (c)(2), or excluded from the property of the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2) as a spendthrift trust as defined in C.P.L.R. § 5205(c)(3). The bankruptcy court ruled that the Debtor's inherited IRA is neither exempt nor excluded from the property of the estate. For the following reasons, this Court affirms.

## II. BACKGROUND

The Debtor's late mother established the original IRA pursuant to 26 U.S.C. § 408(a) and designated the Debtor as its beneficiary, who subsequently inherited the account in 2008. *See* Dkt. No. 14 at 7. *Id*. The Debtor filed a petition for relief pursuant to chapter 11 of the Bankruptcy Code on May 20, 2015. The case is currently proceeding under chapter 7. Pursuant to certain pre-petition contractual indemnifications between the Debtor and Appellee, Appellee has asserted a claim against the Debtor for $1,769,317.00. The Debtor claimed her exemptions under New York law and sought to exempt the inherited IRA from the property of the estate. Appellee objected, and the bankruptcy court disallowed the exemption.

## III. DISCUSSION

### A. Standard of Review

In reviewing the judgment of a bankruptcy court, a district court reviews findings of fact for clear error and conclusions of law *de novo*. *See In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003). A bankruptcy court's determination is "clearly erroneous when, on consideration of the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed." *Hilton v. Wells Fargo Bank, N.A.*, 539 B.R. 10, 15 (N.D.N.Y. 2015) (citing *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (further citations omitted)).

The parties are in dispute as to whether the inherited IRA is: (1) exempt as a "trust" under C.P.L.R. § 5205(c)(1); (2) exempt under C.P.L.R. § 5205(c)(2) as a "qualified" IRA under 26 U.S.C. § 408; and (3) excluded from the estate pursuant to 11 U.S.C. § 541(c)(2) as a spendthrift trust. Upon review of the bankruptcy court's thorough examination of the record and the parties' submissions, the Court finds that its factual determinations are not clearly erroneous. The Court reviews each legal issue in turn.

**B. Section 5205(c)(1)**

Section 5205(c)(1) exempts "property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor." N.Y. C.P.L.R. § 5205. The bankruptcy court held that because the Debtor maintains exclusive control over the inherited IRA—namely, that "the Debtor may withdraw 'funds at any time, for any reason, and without penalty'"—it is not an exempt trust under section 5205(c)(1). *In re Todd*, 585 B.R. 297, 301 (Bankr. N.D.N.Y. 2018) (quoting *In re Jarboe*, 365 B.R. 717, 725 (Bankr. S.D. Tex. 2007)).

The Debtor contends that the inherited IRA is exempt as a trust under section 5205(c)(1) because the tax code refers to inherited IRAs as trusts. Irrespective of how an account is referred to under the tax code, "a trust account will not come within the exemption set forth in section 5205(c)(1) where the account holder or beneficiary may withdraw funds therefrom at will." *In re Ondrey*, No. 99-CV-0011E, 1999 WL 409497, *1 (W.D.N.Y. June 15, 1999). As the bankruptcy court correctly determined, because the Debtor has unfettered access to the inherited IRA, the Court finds that section 5205(c)(1), standing alone, does not exempt it from the property of the estate.

**C. Section 5205(c)(2)**

3

The question then becomes whether the more expansive language of section 5205(c)(2) encompasses the inherited IRA. Section 5205(c)(2) sets forth certain types of assets that, while not expressly mentioned in section 5205(c)(1), are nonetheless exempt:

> [A]ll trusts, custodial accounts, annuities, insurance contracts, monies, assets or other interests established as part of, and all payments from, either any trust or plan, which is qualified as an individual retirement account under section four hundred eight or section four hundred eight A of the United States Revenue Code of 1986 . . . .

N.Y. C.P.L.R. § 5205(c)(2). An asset of this kind will "be considered a trust which has been created by or which has proceeded from a person other than the judgment debtor, even though such judgment debtor is . . . an individual who is the settlor of and depositor to such account plan," and therefore, exempt under section 5205(c)(1). *Id*. The bankruptcy court reasoned that for the inherited IRA to be exempt, it must be "'qualified as an individual requirement account under section four hundred eight . . . of the United States Internal Revenue Code of 1986.'" *In re Todd*, 585 B.R. at 302 (quoting C.P.L.R. § 5205(c)(2)). While the Court agrees that the inherited IRA is not exempt, there are additional reasons for this conclusion.

### 1. *Statutory Interpretation*

"Statutory analysis begins with the plain meaning of a statute." *Nat. Res. Def. Council, Inc. v. Muszynski*, 268 F.3d 91, 98 (2d Cir. 2001). If the meaning of a statute "is ambiguous, then a court may resort to the canons of statutory construction." *Id*. To resolve any ambiguity, "the text should be placed in the context of the entire statutory structure," and "internal inconsistencies in the statute must be dealt with." *Id*. As the bankruptcy court noted, that statute is susceptible to two possible readings, rendering it ambiguous.

One possible reading—proffered by the Debtor in the bankruptcy court proceeding—is that "qualified" means "is," in which case inherited IRAs, along with traditional IRAs, would

4

likely be exempt. Alternatively, "qualified" could be read as to limit the scope of section 5205(c)(2) to only accounts that receive the same tax benefits as traditional IRAs. Under this second reading, inherited IRAs, which are treated differently than traditional IRAs by the tax code,[1] are not exempt under section 5205(c)(2).

The bankruptcy court, having taken into account the legislative history of the provision, held that this second reading of the statute is more aligned with the legislature's intent to protect individuals' own retirement funds. While in agreement with the bankruptcy court's disposition, the Court need not look to the legislative history to resolve the ambiguity, as canons of statutory construction provide sufficient clarity. *See United States v. Rowland*, 826 F.3d 100, 108 (2d Cir. 2016) ("If we find the statutory provision ambiguous, however, we then turn to canons of statutory construction for assistance in interpreting the statute. We resort to legislative history only if, after consulting canons of statutory instruction, the meaning remains ambiguous") (internal quotations and citations omitted). Specifically, the rule against surplusage—that "'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant'"—is instructive. *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)).

The parties focus only on the enumerated retirement assets, while failing to take into account that section 5205(c)(2) proceeds to limit its application to only those assets held by a specific set of judgment debtors: "[A covered asset] shall be considered a trust which has been created by or which has proceeded from a person other than the judgment debtor, even though

---

[1] For example, the holder of an inherited IRA may not contribute to the account. And unlike their uninherited counterparts, inherited IRAs are not afforded the tax benefits of rollover treatment, and their entire balance must either be withdrawn within five years or the holder must, each year, take yearly required minimum distributions based on life expectancy. *See In re Todd*, 585 B.R. at 303.

5

such judgment debtor is (i) in the case of an individual retirement account plan, an individual who is the settlor of and depositor to such account plan, or (ii) a self-employed individual, or (iii) a partner of the entity sponsoring the Keogh (HR-10) plan, or (iv) a shareholder of the corporation sponsoring the retirement or other plan or (v) a participant in a section 457 plan." N.Y. C.P.L.R. § 5205(c)(2).

The Debtor, for example, contends that the inherited IRA is exempt, so long as it is one of the retirement assets covered by section 5205(c)(2). However, the Debtor's argument fails to consider the limited enumeration of persons who may enjoy the benefit of this exemption. To read section 5205(c)(2) as exempting any asset other than by those set forth in the enumeration of judgment debtors would amount to reading this limitation entirely out of the statute, rendering it superfluous, and impermissibly broadening the exemptions available under section 5205(c)(1). Because a court should not read statutory language as being superfluous, the enumeration must have effect—namely, to set forth the limited instances in which this provision applies.

Therefore, the Court concludes that section 5205(c)(2) provides that a judgment debtor falling into one of these enumerated categories may claim an exemption under section 5205(c)(2)—all others must claim their trust exemptions directly under section 5205(c)(1). While a traditional IRA is a retirement asset covered by section 5205(c)(2), because an inheritor to an IRA is not one of the categories of judgment debtors enumerated by the statute, the Debtor's inherited IRA is not exempt from the property of the estate.

### 2. *Legislative History*

A review of the legislative history evinces an intent to protect accounts established for individuals' *own* retirement. In the years leading up to the amendments to section 5205, bankruptcy courts had been holding that various retirement accounts were not exempt. In 1989,

6

the legislature passed Chapters 84 and 280 as amendments to section 5205(c)(2) and related statutes. The Memorandum in Support of Chapter 84 indicates that the purpose of the amendment is to "make the protection of IRAs of qualified retirement plans explicit in order to avoid potential disqualification by bankruptcy judges . . . ." Memorandum in Support, S. 3567; A. 5753, Chapter 84 (1989).[2] The Memorandum of Assemblyman Sheldon Silver similarly suggests that Chapter 280 was introduced to "counter the increasingly callous manner with which bankruptcy courts [were] including qualified plan interests as assets available to bankruptcy creditors . . . ." Memorandum of Assemb. Sheldon Silver, N.Y. Legislative Annual 158-59 (1989). The purpose of the amendment was to "advance[] the interests of New York retirement plan participants by ensuring that *their* retirement benefits are fully protected" and to avoid a legislative scheme where "citizens concerned about protecting *their* retirement benefits have an incentive to relocate in a state that has adopted [a] more explicit statute." *Id*. (emphasis added).

The statute was notably amended again in 1994 to explicitly include IRAs. Aware that bankruptcy courts were construing the language of section 5205(c)(2) narrowly, the legislature amended the statute to protect only certain retirement accounts without mention of inherited IRAs. Such an omission has meaning, and the Court will not read into a statute what the legislature has intentionally left out.[3] Against this legislative backdrop, it is even more clear that section 5205(c)(2) expands the trust exemption only to those judgment debtors that are expressly enumerated.

---

[2] The memoranda referenced in this paragraph are available for viewing at the New York State Archives located at 222 Madison Avenue, Albany, New York 12230.

[3] Indeed, the legislature is in the best position to protect inherited retirement funds, should it choose to do so. The bankruptcy court noted that Alaska, Arizona, Florida, Missouri, North Carolina, Ohio, and Texas have expressly exempted inherited IRAs.

### *a. The Inherited IRA is not "Qualified"*

With this legislative history in mind, even if the Debtor could avail herself of this statute, the inherited IRA is not "qualified" under section 408 of the tax code. The bankruptcy court thoroughly examined the attributes of inherited IRAs that make their inclusion inconsistent with the intent of the legislature:

> The funds within inherited IRAs are traceable only to the descendants that established the IRAs. Since inherited IRA holders cannot contribute to the accounts, inherited IRAs may not be used to actively save money for retirement. Moreover, the funds in inherited IRAs may be accessed at any time without penalty. Additionally . . . inherited IRA holders are under an obligation to draw down their accounts.

*In re Todd*, 585 B.R. at 304-05 (citations omitted).

As the bankruptcy court discussed, and as the Supreme Court recognized in *Clark v. Rameker*, 573 U.S. 122 (2014), IRAs and inherited IRAs are treated quite differently under the tax code. Although both types of accounts are provided for by 26 U.S.C. § 408, inherited IRAs, unlike their uninherited counterparts, are not afforded the tax benefits of rollover treatment, the holder of an inherited IRA may not contribute to the account, and the entire balance of the inherited account must either be withdrawn within five years or the holder must take yearly required minimum distributions based on life expectancy. *See In re Todd*, 585 B.R. at 303.

The bankruptcy court held that, because of these differences, the word "qualified" could not be read to mean any account simply described in section 408 of the tax code, as such a reading would exempt inherited IRAs contrary to the intent of the legislature. Instead, "qualified" should be read to include only accounts that receive the same tax treatment as accounts established by individuals for their own retirement, which would not impermissibly exempt inherited IRAs. *See id.* at 305.

8

For these reasons, the bankruptcy court correctly concluded that "exempting funds that have not been saved by individuals for their retirement would be fundamentally inconsistent with the statute's purpose[.]" *Id.* This Court agrees that any other conclusion would impermissibly expand the exemption created by this statute in a manner contrary to the intent of the legislature and finds that the bankruptcy court was correct in holding that the Debtor's inherited IRA is not "qualified" under section 408 of the tax code. This conclusion, independent from the statutory construction analysis above, is sufficient to find that the inherited IRA is not exempt from the property of the estate.

**D. Section 5205(c)(3)**

As discussed, the inherited IRA does not fall within the ambit of section 5205(c)(2). Section 5205(c)(3) provides that the items "described in [section 5205(c)(2)] of this subdivision shall be conclusively presumed to be spendthrift trusts under [section 5205(c)] . . . ." N.Y. C.P.L.R. § 5205(c)(3). Because the inherited IRA is not covered by section 5205(c)(2), it is not conclusively presumed to be a spendthrift trust under section 5205(c)(3).

## IV. CONCLUSION

After carefully reviewing the record on appeal, the parties' submissions and the applicable law, and for the foregoing reasons, the Court hereby

**ORDERS** that the judgment of the bankruptcy court is **AFFIRMED**; and the Court further

**ORDERS** that the Debtor's motion for a stay pending appeal is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 17, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge